UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEBRA BOOTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-CV-146-HBG |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Docs. 36, 39].

Now before the Court is Defendant Jefferson City Health and Rehabilitation Center's Renewed Motion to Dismiss Plaintiff's Claims Against Jefferson City Health and Rehabilitation Center [Doc. 26], Plaintiff's Motion to Appeal [Doc. 53], the United States' Motion to Dismiss [Doc. 72], and Plaintiff's Motion for Recusal [Doc. 74]. The Motions are ripe for adjudication. Accordingly, for the reasons more fully explained below, the Court hereby **GRANTS IN PART** Defendants' Motions [**Docs. 26, 72**] and **DENIES** Plaintiff's Motions [**Docs. 53, 74**].

I.  **BACKGROUND**

The Complaint [Doc. 1] in this case was filed on March 30, 2016, against Defendants United States Department of Veteran Affairs, William C. Tallent VA Outpatient Clinic, LLC, Tennessee Valley Healthcare System VA (Nashville Campus), James H. Quillen VA Medical Center (collectively, "United States"), and Jefferson City Health and Rehabilitation Center ("JCHR"). On June 21, 2016, JCHR filed a motion to dismiss [Doc. 11], arguing that the

Complaint failed to state a claim upon which relief may be granted and for insufficient service of process. Specifically, JCHR argued that it was a business name and service had not been directed to Jefferson Operator LLC or Northpoint Regional LLC. [Doc. 12 at 10]. The District Judge entered an Order [Doc. 19], providing Plaintiff an opportunity to file an amended Complaint in compliance with Federal Rule of Civil Procedure 8. In addition, the District Judge denied JCHR's motion to dismiss with leave to refile.

Plaintiff filed an Amended Complaint [Doc. 21] on November 9, 2016. In her Amended Complaint, Plaintiff alleges malpractice due to medical negligence, breach of duty, wrongful death, violations of the Fifth, Ninth, and Fourteenth Amendments of the Constitution. Throughout her Amended Complaint, Plaintiff also alleges a number of other violations of various federal and state statutes.

Specifically, the Amended Complaint alleges that Plaintiff's brother, Gregory Scott Tippett, died on March 13, 2014, after being treated by Defendants. [Doc. 21 at 8]. Tippett's primary care physician, Dr. Pullen, who works at The William C. Tallent VA Healthcare Outpatient Clinic, did not continue Tippett's treatment and did not follow up on his blood infection, which eventually led to bacterial peritonitis. [*Id.* at 4]. Plaintiff alleges that instead of treating her brother, Defendants passed him on to a different clinic. [*Id.*]. Tippett developed a blood clot in his left arm, which developed into a blood infection. [*Id.* at 6]. Further, the Amended Complaint alleges that Plaintiff was not told that the blood infection could be passed to anyone exposed to it until much later. [*Id.*].

The Amended Complaint states that Tippett was eventually sent to JCHR, but all treatment had to be approved by Mountain Home VA Medical Center. [*Id.*]. The Amended Complaint states that JCHR kept Tippett three times but that the VA "remained in charge of any and all treatment[,]"

2

which had to be oked [sic] by them." [*Id.* at 7]. The Veterans Affairs ("VA") decided that it would no longer pay for Tippett's treatment, so JCHR released him instead of continuing treatment. [*Id.*]. Defendants also refused to build a wheelchair ramp, even though Tippett could not walk or stand. [*Id.*].

The Amended Complaint alleges that within hours of being home, Tippett continued to be in pain, so Plaintiff called an ambulance, which took him to The University of Tennessee Medical Center ("UT Medical Center"). [*Id.* at 8]. At UT Medical Center, physicians drained forty pounds of fluid from her brother's abdominal cavity. [*Id.*]. Individuals told Plaintiff that her brother should have sought medical attention sooner because spontaneous bacterial peritonitis is curable if treated in time. [*Id.*]. The Amended Complaint states that peritonitis can rapidly lead to potentially fatal complications, such as sepsis and septic shock, which causes a massive drop in blood pressure, organ failure, and death. [*Id.*]. The Amended Complaint states that Plaintiff took her brother to UT Medical Center on February 17, 2014, and that he died on March 13, 2014. [*Id.*]. Attached to the Amended Complaint are Tippett's medical records and information regarding peritonitis and blood poisoning. [Doc. 21-2].

After Plaintiff filed her Amended Complaint, Defendant JCHR moved to dismiss [Doc. 26] the Amended Complaint. On August 17, 2018, Plaintiff and JCHR consented to the undersigned. Subsequently, the United States consented [Doc. 69] to the undersigned, and the District Judge referred the case to the undersigned. [Doc. 78].[1]

---

[1] The Court notes that upon a periodic review of this case in March 2018, the undersigned observed that the United States had not been properly served in accordance with Federal Rule of Civil Procedure 4(i), and therefore, not all parties had consented to the undersigned. The District Judge vacated the order of referral [Doc. 50], and the undersigned issued a show cause order to Plaintiff for not complying with Rule 4. Thereafter, Plaintiff was able to properly serve the United States, and the United States filed a consent form. [Doc. 69]. To be sure that all parties consented, the District Judge allowed the parties to file objections to the consent form. [Doc. 70]. When no objections were received, the District Judge referred the case to the undersigned. [Doc. 78].

## II. POSITIONS OF THE PARTIES

The Court will summarize the Motions in the order in which they were filed.

### A. JCHR's Motion to Dismiss

JCHR raises several arguments that it asserts support dismissal of Plaintiff's lawsuit. First, JCHR argues that Plaintiff has failed to state a claim actionable under 42 U.S.C. § 1983. In addition, JCHR states that Plaintiff has failed to state a medical negligence claim under Tennessee law. Third, JCHR asserts that Plaintiff's claims should be dismissed pursuant to Federal Rules of Civil Procedure 4(h)(1), 4(m), 12(b)(4) and 12(b)(5) because process was insufficient and untimely.

Plaintiff filed a Response [Doc. 42], arguing that the case should not be dismissed.[2] Plaintiff argues that her lawsuit asserts medical negligence, breach of duty, violation of constitutional amendments, public health and welfare, wrongful death, and patient dumping under various state and federal statutes. Plaintiff also filed a document titled, "Federal Rules of Civil Procedure 8(a) Claim for Relief" [Doc. 43], which the undersigned has also reviewed.

JCHR filed a Reply [Doc. 44], restating its arguments made in its Motion. In addition, JCHR filed a Supplemental Reply [Doc. 45], correcting a mistake in its earlier filings. JCHR states that neither Jefferson Operator, LLC, nor Northpoint Regional, LLC, hold title to the real estate upon which JCHR is located. JCHR explains that its previous statement that Jefferson Operator, LLC, and Northpoint Regional, LLC "own" JCHR is a misstatement of fact. JCHR maintains, however, that those entities operate JCHR.

---

[2] The Court notes that Plaintiff did not file her Response to the Motion to Dismiss until ordered [Doc. 41] to do so. In her Response, she asserts that she did not receive the Motion. [Doc. 42 at 1]. The Court notes, however, that during the Scheduling Conference on August 9, 2018, the Court inquired as to whether Plaintiff wanted to file additional briefs to Defendants' Motions to Dismiss. Plaintiff indicated that she had already filed the documents that she needed to file.

Finally, the Court has also reviewed Plaintiff's filings [Doc. 46] provided to the Court at the hearing on March 27, 2018.[3] Specifically, Plaintiff filed letters to and from the VA, medical records, and other documents that were previously filed with the Court.

### B. Plaintiff's Motion to Appeal

Plaintiff requests that she be allowed to appeal pursuant to Rules 7 and 8. For grounds, she asserts that all parties have been served by the United States Marshal's Office. Plaintiff states that the undersigned reviewed documents that were received on March 27, 2018, and that Plaintiff has resent her summons and Complaint as directed by the Court.

### C. The United States' Motion to Dismiss

The United States filed a Motion to Dismiss [Doc. 73], raising several arguments in support of dismissing Plaintiff's claims. First, the United States argues that the Federal Tort Claims Act provides a limited waiver of the sovereign immunity of the United States and that the actions of JCHR fall outside this limited waiver. Thus, the United States asserts that these claims must be dismissed for lack of subject matter jurisdiction. Second, the United States argues that Plaintiff has not pled compliance with or complied with the Tennessee Health Care Liability Act. Finally, the United States asserts that Plaintiff has not pled a plausible constitutional claim.

In Response [Doc. 75], Plaintiff filed a Motion to Deny Dismissal. Plaintiff asserts that she has complied with Rule 12 of the Federal Rules of Civil Procedure.

---

[3] During the hearing, Plaintiff submitted to the Court an unopened envelope containing many documents. The Court requested that the courtroom deputy assist Plaintiff with filing such documents on ECF. The documents were filed on ECF on the same day. [Doc. 46].

### D. Plaintiff's Motion for Recusal

Plaintiff requests [Doc. 74] that the undersigned recuse from this case.[4] Plaintiff states that the undersigned failed to allow an emergency hearing so that the Court could acknowledge that Plaintiff followed the proper procedure for serving Defendants.

Both Defendants filed Responses [Docs. 76 and 77], asserting that Plaintiff has not come forward with any evidence that would support questioning the impartiality of the undersigned.

Plaintiff filed a Reply [Doc. 79], asserting that she has established that she served Defendants. Plaintiff states that Defendants did not attend the hearing on March 27, 2018, except JCHR. Plaintiff states that she showed the undersigned certain documents during the March 27 hearing.[5] Plaintiff requests that the undersigned recuse.

## III. STANDARD OF REVIEW

The United States has moved to dismiss this case pursuant to Rule 12(b)(1). In addition, both Defendants challenge the Amended Complaint pursuant to Rule 12(b)(6).

### 1. Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a claim for relief may be dismissed if the court lacks subject matter jurisdiction. "A plaintiff bears the burden of proving jurisdiction and a court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." *Zundel v. Mukasey*, No. 3:03-cv-105- 2009 WL 3785093, at *3 (E.D. Tenn. Nov. 10, 2009) (citing *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 224 (6th Cir. 2007)) (other citations omitted). A challenge of jurisdiction may be made through a facial attack or a factual attack. *Gentek Bld. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United*

---

[4] Plaintiff also requested that District Judge McDonough recuse. Judge McDonough denied this request. [Doc. 78].

[5] *See supra* note 3.

*States*, 922 F.2d 320, 326 (6th Cir. 1990)). A facial attack challenges the sufficiency of the pleading, and a court must take the allegations in the complaint as true. *Id.*; *see also Smith v. Bd. of Trustees Lakeland Cmty. Coll.,* 746 F. Supp. 2d 877, 888 (N.D. Ohio 2010) (explaining that that the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, similar to the standard for a Rule 12(b)(6) motion, when presented with a facial attack). "On the other hand, where there is a factual attack, the Court must weigh the conflicting evidence provided by the plaintiff and the defendant to determinate whether subject matter jurisdiction exists." *U.S. v. Chattanooga-Hamilton Cnty Hosp. Authority*, 958 F. Supp. 2d 846, 854 (E.D. Tenn. 2013) (citing *Gentek*, 491 F.3d at 330). The Court may consider evidence, including but not limited to, "affidavits, documents, an even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* (citing *Gentek*, 491 F.3d at 330). As mentioned above, "The party asserting that subject matter jurisdiction exists has the burden of proof." *Id.* (citing *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007)).

### 2. Rule 12(b)(6)

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere

possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. ANALYSIS

The Court has considered the parties' filings in this case. Accordingly, for the reasons more fully set forth below, the Court finds that Defendants' Motions [**Docs. 26, 72**] are well taken in part and that Plaintiffs' Motions [**Docs. 53, 74**] are not well taken.

The Court will first address Plaintiff's Motion for Recusal and then turn to the other Motions.

### A. Plaintiff's Motion for Recusal

Plaintiff requests that the undersigned recuse for failing to allow an emergency hearing on May 9, 2018, so that the Court could acknowledge that the proper procedure for serving the United States had been completed. In addition, she asserts that the undersigned disregarded the exhibits introduced at the hearing on March 27, 2018.

As stated in Judge McDonough's Order [Doc. 78], 28 U.S.C. §§ 455(a) and (b)(1) provide, in relevant part, that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" if certain circumstances exist, such as when the judge "has a personal bias or prejudice concerning a party." Further, "[r]ecusal is based upon an objective, rather than a subjective, standard and is required 'if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *Zammit v. I.R.S.*, No. 16-2703, 2017 WL 6276122, at *2 (6th Cir. June 30, 2017) (quoting *Johnson v. Mitchell*, 585 F.3d 923, 945 (6th Cir. 2009)).

The Court finds that Plaintiff has not offered sufficient grounds to justify a recusal in this case. Plaintiff appears to be frustrated by the Court's Order to Show Cause [Doc. 49], which put her on notice that she had not served the United States in accordance with Rule 4. Disagreement with the Court's orders is not a reason to recuse. *Jarrett v. Ashcroft*, 24 F. App'x 503, 504 (6th Cir. 2001) (noting that "[d]isagreement with a court's ruling in a case is not a ground for recusal") (citing *Liteky v. United States,* 510 U.S. 540, 555-56 (1994)). Accordingly, Plaintiff's Motion [**Doc. 74**] is **DENIED**.

### B. Plaintiff's Motion to Appeal

Plaintiff requests that she be permitted to appeal under Federal Rules of Civil Procedure 7 and 8. Plaintiff claims that she sent the summons and Complaint to Defendants as instructed by

the Court. She asserts that the Ninth and Fourteenth Amendments of the Constitution guarantee due process of law and that the letter from the District Judge shows that there is a double standard of law or "The Hillary Clinton Effect."

Accordingly, the Court finds Plaintiff's Motion not well taken. It is not clear what order Plaintiff is specifically referring to, but it appears she disagrees with the Court's instructions to show good cause why the United States had not been properly served. Accordingly, Plaintiff's Motion to Appeal [**Doc. 53**] is **DENIED**.

### C. Defendant JCHR's Motion to Dismiss

Before the Court considers JCHR's argument that the Amended Complaint fails to state a claim upon which relief may be granted, the Court must first address JCHR's claim of insufficient service of process because "proper service of process is an essential prerequisite to the Court gaining personal jurisdiction over the defendant." *Collett v. Kennedy, Koontz & Farinash*, No. 3:14-CV-552-TAV-HBG, 2015 WL 7254301, at *3 (E.D. Tenn. Aug. 14, 2015) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)) (other citations omitted).

Specifically, JCHR asserts that pursuant to Rule 12(b)(4) and (5), Plaintiff's claims should be dismissed. In addition, JCHR argues that Plaintiff's claims should be dismissed pursuant to Rule 4(m) because the Amended Complaint was not served within ninety days.

Federal Rules of Civil Procedure 12(b)(4) and (5) state as follows:

> (b) How to Present Defenses. Every defendant to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (4) insufficient process;
>
> (5) insufficient service of process.

"An objection under Rule 12(b)(4) 'concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.'" *Phillips v. Tennessee Hotel Supply*, No. 1:04-CV-353, 2006 WL 897985, at *1 (E.D. Tenn. Apr. 4, 2006) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2004)). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Whitaker v. Stamping*, 302 F.R.D. 138, 146 (E.D. Mich. 2014) (quoting 5B Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1353 (3d ed. 2014)). A plaintiff is responsible for serving the summons and complaint in accordance with Rule 4 and within the time allowed by Rule 4(m)(1). *See* Fed. R. Civ. P. 4(c)(1). As explained in *Whitaker*:

> To constitute sufficient service of process, a summons must be served, along with a copy of the complaint, by either a non-party who is at least 18 years old or a marshal or specially appointed person. Fed. R. Civ. P. 4(c). Absent an extension of time for service, such service must occur within [90] days after the summons is issued. Fed. R. Civ. P. 4(m). If the defendant is a corporation or a partnership or other unincorporated association, the summons may be delivered to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B).

302 F.R.D. at 146.

In the present matter, JCHR states that it is simply a business name and that Jefferson Operator, LLC is the licensed operator of the facility and Northpoint Regional, LLC is the management company. JCHR states that the actual defendant is either Jefferson Operator, LLC, Northpoint Regional, LLC, or both, depending on the nature of the claim. JCHR states that process was not directed at these entities. Further, JCHR has offered evidence to establish that it is simply

a business name and that the proper defendants have not been served. [Doc. 26-1].[6] JCHR's exhibit shows that Jefferson Operator, LLC is the administrator, and Northpoint Regional, LLC manages JCHR. [*Id.*].

Accordingly, because JCHR has shown that it is simply a business name, and not a legal entity, the Court will **DISMISS** the claims against JCHR. *See Mnzava v. Diverse Concepts, LLC*, No. 3:14-CV-386-TAV-CCS, 2015 WL 6449656, at *4 (E.D. Tenn. Oct. 26, 2015) ("Diverse Concepts has submitted evidence that Parkside Grill is not a legal entity. Thus, any claim against it would be futile."); *Nelson v. Putnam Cty. Justice Ctr.*, No. 2:13-CV-00029, 2013 WL 1623686, at *3 (M.D. Tenn. Apr. 15, 2013) (finding that the plaintiff failed to state a claim against the named defendant because the named defendant was a building and not a legal entity).

Plaintiff does not specifically respond to JCHR's argument, and it appears to the Court that Plaintiff has not issued a summons for Jefferson Operator, LLC or Northpoint Regional, LLC and she has not named them in her Amended Complaint. The summons was directed to JCHR and served via certified mail at 283 West Broadway Boulevard, Jefferson City, Tennessee 37760. Plaintiff does not argue otherwise. A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban Cnty Gov't,* No. 00–6097, 18 F. App'x 285, 287 (6th Cir. Aug. 21, 2001) (citing *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996)); *see also McGath v. Hamilton Local Sch. Dist.,* 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) ("When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made.").

---

[6] The Court observes, "Because the pleadings themselves will typically shed no light on service issues, motions to dismiss need not be treated as motions for summary judgment even if they are supported by affidavits or other evidence outside the pleadings." *Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *appeal docketed,* No. 18-3170 (6th Cir. Feb. 22, 2018).

In addition, JCHR asserts that the action must be dismissed because Plaintiff did not serve process on anyone within ninety days of filing the Complaint. Specifically, Rule 4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4. "The Advisory Committee's Notes on Rule 4(m) indicate that the rule requires a court to allow additional time for service if there is good cause for the plaintiff's failure to effect service within the prescribed [90] days and permits a court to allow additional time for service even in the absence of good cause." *Phillips,* 2006 WL 897985, at *2.

In the instant matter, the Court declines to extend the time for service of process. As an initial matter, the Court observes that Plaintiff has not requested additional time to serve the correct entities, nor has she moved to amend the Amended Complaint to name these entities. *See Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016) ("[e]stablishing good cause is the responsibility of the party opposing the motion to dismiss").[7] Even in the absence of good cause, however, the Court has discretion to extend the time for service. *See id.* at 70. In determining whether to exercise this discretion, the factors considered by the Court include:

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff[;] and

---

[7] The Court also observes that on May 9, 2018, Plaintiff filed a document stating that she filed an Amended Complaint on November 9, 2016, and that she does not need to amend her Complaint again. [Doc. 65].

>           (5) whether the plaintiff had made any good faith efforts at effecting
>           proper service of process.

*Id.* (citations omitted). The Court, however, declines to exercise its discretion in the instant matter.

The Court notes that Plaintiff was granted in forma pauperis status and the U.S. Marshals sent the summons by certified mail to JCHR at 283 West Broadway Bld., Jefferson City, Tennessee 37760. [Doc. 8]. The return receipt was received on April 25, 2016. [*Id.*]. As mentioned above, on June 21, 2016, JCHR filed a motion to dismiss, arguing, in part, that the actual defendant is Northpoint Regional, LLC, or Jefferson Operator, LLC, or both, depending upon the nature of Plaintiff's claim and that neither of these entities had been served. *See* [Doc. 12 at 10] ("JCHR is simply a business name. The actual defendant, therefore, is either Jefferson Operator, LLC, or Northpoint Regional LLC, or both, depending upon the nature of Plaintiff's claim."). The District Judge allowed Plaintiff to file an Amended Complaint and denied JCHR's motion to dismiss with leave to refile. Plaintiff filed an Amended Complaint, which again named JCHR, and JCHR responded by filing the instant Motion to Dismiss, raising the same arguments previously raised in its original motion to dismiss. The instant Motion was filed on June 9, 2017.

The Court observes that since the filing of JCHR's original motion to dismiss or the instant Motion, Plaintiff has not attempted to serve Northpoint Regional, LLC or Jefferson Operator, LLC, nor has she requested an extension of time to do so. Although Plaintiff is acting pro se in this matter, which normally results in somewhat more lenient treatment by the Court, the Court does not believe this is an appropriate case in which to allow additional time for service of the correct defendants. Specifically, JCHR raised this issue more than two years ago, and the issues have not been corrected. While no party argues that an extension, or the lack thereof, will prejudice them, the Court finds an extension unwarranted, given the significant length of an extension, coupled with JCHR raising the same issues two years ago. Accordingly, Plaintiff's claims against JCHR

are dismissed, and the Court declines to extend the time for serving the proper defendants. The Court does not need to consider JCHR's remaining arguments.

### D. The United States' Motion to Dismiss

As mentioned above, the United States asserts that the actions of JCHR fall outside the limited waiver provided under the FTCA, Plaintiff has not pled compliance with or complied with the Tennessee Health Care Liability Act, and Plaintiff has not pled a constitutional claim. The Court will address these arguments separately.[8]

#### 1. Federal Tort Claims Act

The United States asserts that the FTCA provides a limited waiver of the sovereign immunity of the United States and that the actions of JCHR fall outside this limited waiver. Plaintiff does not specifically respond to this argument, but she requests that the Court deny the request to dismiss.

The FTCA sets the limitations and procedures for private actions against the United States. In pertinent part, the FTCA provides as follows:

> **(b)(1)** Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States,

---

[8] The Court observes that in a footnote, the United States asserts that it was not served within ninety days, which also supports dismissal. The Court issued an Order to show cause [Doc. 49] on April 18, 2018, because Plaintiff had not properly served the United States, although she had previously attempted service. While the extension to serve was significant, Plaintiff was not aware that service of process was technically inadequate until the status conference on March 27, 2018, and the Court's Order to show cause. Further, after the status conference and Court's Order, Plaintiff was able to effect service. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (explaining that Rule 4(m) "must be construed leniently with regard to pro se litigants").

> if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346. "Generally, the United States is not liable under the FTCA for injuries caused by the negligence of its independent contractors." *Dyer v. United States*, 96 F. Supp. 2d 725, 729 (E.D. Tenn. 2000). The United States is not liable for its independent contractors because the "FTCA grants original jurisdiction to federal district courts over claims against the United States arising from the negligence of its employees and agencies, but it specifically excepts 'contractors' from the definition of federal agencies." *Russell v. United States*, No. 3:17-cv-77, 2018 WL 1475603, at *5 (E.D. Tenn. Mar. 26, 2018) (citing 28 U.S.C. § 2671).

"The Supreme Court has said that 'the power of the Federal Government to control the detailed physical performance of the contractor is a critical factor distinguishing federal agents and employees from independent contractors.'" *Zion v. United States*, 913 F. Supp. 2d 379, 383 (W.D. Ky. 2012) (quoting *United States v. Orleans*, 425 U.S. 807, 814 (1976)) (other internal quotations omitted). "A component of this factor is whether the government supervises the actor's day-to-day operations." *Id.* at 384 (citing *Orleans*, 425 U.S. at 815). The Sixth Circuit has not addressed the application of this standard in detail, but other courts have followed the Fourth Circuit by holding that "the real test is control over the primary activity contracted for and not the peripheral administrative acts relating to such activity." *Id.* (quoting *Wood v. Standards Prods. Co., Inc.*, 671 F.2d 825, 832 (4th Cir. 1982)); *see also McGhee v. United States*, No. 7:13-CV-00123, 2014 WL 896748, at *2 (W.D. Va. Mar. 6, 2014) ("The Fourth Circuit has applied a "control test" to physician-contractors, stating: 'only where the Government has the power under the contract to supervise a contractor's 'day-to-day operations' and 'to control the detailed physical performance of the contractor' can it be said that the contractor is an employee or agent of the United States within the [FTCA].'" (quoting *Wood,* 671 F.2d at 829, 832).

In the instant matter, the United States acknowledges that it has asserted a facial challenge. *See* Doc. 73 at 2-3 ("In this case, the United States presents a facial attack, and thus, the Court takes the allegations in the complaint as true."). Thus, the Court has reviewed the allegations in the Amended Complaint. Here, Plaintiff has alleged that the VA sent Tippett to JCHR but that the VA maintained "any and all treatment which had to be oked [sic] by the Mt. Home VA Medical Center." [Doc. 21 at 6]. She later alleges that JCHR kept Tippett three times and that the VA sent him to JCHR but that the VA "remained in charge of any and all treatment which had to be oked [sic] by them." [*Id.* at 7]. Accordingly, given these allegations, which the Court deems to be true, the Court finds the United States' argument not well taken at this time.

### 2. Tennessee Healthcare Liability Act

The United States submits that it appears Plaintiff has raised a claim for medical malpractice, alleging that the United States, through its medical providers at the VAMC, was negligent in providing medical care to Tippett. The United States asserts that Plaintiff's medical malpractice claims must be dismissed because she has not pled compliance or complied with the Tennessee Health Care Liability Act.

Healthcare liability actions are governed under the Tennessee Healthcare Liability Act ("THLA"). The THLA requires a plaintiff to provide: (1) pre-suit notice under Tennessee Code Annotated § 29-26-121, and (2) a certificate of good faith with the complaint under Tennessee Code Annotated § 29-26-122. Specifically, pursuant to Tennessee Code Annotated § 29-26-121, "any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of the complaint based upon health care liability

in any court of this state." The notice prescribed by § 121 contains six requirements. Tenn. Code Ann. § 29-26-121(a)(2).

With respect to § 29-26-122, "[i]f the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause." Tenn. Code Ann. § 29-26-122(a). Subsection (c) requires the Court to dismiss the action with prejudice should a plaintiff fail to file a certificate of good faith. Tenn. Code Ann. § 29-26-122(c).

As mentioned above, Plaintiff does not respond to the United States' argument. In any event, the Court has reviewed all of Plaintiff's filings in this case to determine if she complied with the above requirements. *Hamilton v. Abercrombie Radiological Consultants, Inc.*, 487 S.W.3d 114, 117 (Tenn. Ct. App. 2014) ("Our Supreme Court has recently explained that substantial compliance with Tennessee Code Annotated Section 29–26–121 *et seq.* is the proper standard in determining whether the contents of the pre-suit notice meet the statutory requirements.") (citing *Thurmond v. Mid-Cumberland Infectious Disease Consultants*, *PLC*, 433 S.W.3d 512 (Tenn. 2014)).

With respect to the first requirement (i.e., providing pre-suit notice), it does not appear to the Court that Plaintiff has complied. Specifically, the Court has reviewed Plaintiff's letter to the VA dated February 25, 2016, [Doc. 1-1], a letter by Plaintiff dated May 31, 2016, [Doc. 10], and Plaintiff's letter to the VA dated July 25, 2016, [Doc. 15]. While the February 25 letter contains some of the requirements, it does not contain all six of the requirements and is dated less than sixty days before Plaintiff filed the Complaint. *See* Tenn. Code Ann. § 29-26-121(a)(1). Accordingly, the Court finds that Plaintiff has not substantially complied with the pre-suit notice requirement.

18

Even if Plaintiff had complied with the pre-suit notice requirement, she did not file the required certificate of good faith with her Complaint or her Amended Complaint. Instead, in her Amended Complaint, Plaintiff requests that the Court waive this requirement because it is impossible for her to obtain a medical expert. She explains that she cannot find a medical expert "who is willing to go against the VA." [Doc. 21 at 2]. Pursuant to the statute, the good faith requirement is waived in two circumstances: (1) the failure of the provider to timely provide copies of the claimant's records as requested, or (2) extraordinary cause. Plaintiff's statement that she cannot find a medical expert who is willing to go against the VA, with nothing more, is insufficient to establish extraordinary cause. *See Goodwin v. United States*, No. 2:13-cv-13445, 2014 WL 1685899, at *3 (E.D. Mich. Apr. 29, 2014) (dismissing plaintiff's complaint with prejudice against the United States because plaintiff did not comply with the presuit notice requirements and did not file a certificate of good faith). Accordingly, the Court finds Plaintiff has not complied with the THLA and that such claims against the United States shall be dismissed with prejudice.

### 3. Constitutional Claim

The United States asserts that Plaintiff has not pled a constitutional claim. Pursuant to 42 U.S.C. § 1983, an individual has a cause of action against government officials who violate the individual's rights. Specifically, § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State .... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To survive a motion to dismiss under § 1983, the plaintiff must properly allege two elements: (1) defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law. *Mezibo v. Allen,* 411 F.3d 712m, 716 (6th Cir.

2005). The Court agrees with the United States in that Plaintiff has not pled either element in her Amended Complaint. Specifically, she has not pled facts sufficient to show she or Tippettt were denied a constitutional privilege or right. Further, the United States and its officials act under the color of federal law and are not subject to suit under 42 U.S.C. § 1983. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016) (explaining that actions taken by federal agencies are actions under federal law and not under the color of state law). Accordingly, the Court will dismiss Plaintiff's claim under 42 U.S.C. § 1983.

V. **CONCLUSION**

Accordingly, for the reasons further explained above, Defendant Jefferson City Health and Rehabilitation Center's Renewed Motion to Dismiss Plaintiff's Claims Against Jefferson City Health and Rehabilitation Center [**Doc. 26**] is **GRANTED IN PART**, Plaintiff's Motion to Appeal [**Doc. 53**] is **DENIED**, the United States' Motion to Dismiss [**Doc. 72**] is **GRANTED IN PART**, and Plaintiff's Motion for Recusal [**Doc. 74**] is **DENIED**. The Court finds that JCHR is **DISMISSED**, and the Tennessee Healthcare Liability Act claims and the 42 U.S.C. § 1983 claims against the United States are **DISMISSED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge