UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEBRA BOOTH, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. 3:16-CV-146-HBG ) |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Docs. 36, 39].

Now before the Court is Plaintiff's Motion to Dismiss [Doc. 90]. The United States filed a Response [Doc. 91] to Plaintiff's Motion.[1] The Motion is ripe for adjudication. Accordingly, for the reasons explained below, the Court will **GRANT** Plaintiff's Motion [**Doc. 90**].

**I. POSITIONS OF THE PARTIES**

In her Motion [Doc. 90], Plaintiff requests that she be permitted to dismiss her case because it has been "amended, tried, and verified for the Defendants" and that "there is no other action to take."

The United States filed a Response [Doc. 91], stating that it concurs with Plaintiff that the Court should dismiss the case with prejudice. The United States explains that the Court has already

---

[1] The Court notes that Defendant Jefferson City Health and Rehabilitation Center filed a Motion for Entry of Final Judgment Under Rule 54(b) [Doc. 92]. Prior to its Motion, however, Plaintiff requested that her case be dismissed.

ruled that Plaintiff did not comply with the prerequisites to filing suit under the Tennessee Health Care Liability Act ("THCLA") and that this ruling entitles the United States to judgment in its favor on all of Plaintiff's claims because the factual allegations in this case relate to the provisions of health care and all Plaintiff's claims are health care liability actions. The United States submits that because Plaintiff failed to comply with the notice and certificate of good faith requirements of the THCLA, all of Plaintiff's claims should be dismissed and the case closed.

In the alternative, the United States asserts that if Plaintiff's citations to various statutes and regulations are construed as claims that are not health care liability actions, the Court lacks subject matter jurisdiction over such claims, including the following claims: (1) failure to build a wheelchair ramp, (2) the Medicare Act and Patient Safety and Quality Improvement Act of 2005, (3) claims involving the United States Constitution, and (4) other various violations pursuant to the Tennessee Code Annotated.

Plaintiff has not filed a reply to the United States' Response.

## II.     ANALYSIS

The Court has considered the history of this case and the instant fillings, and for the reasons set forth below, the Court will **GRANT** Plaintiff's Motion [**Doc. 90**].

Pursuant to Federal Rule of Civil Procedure 41(a)(B)(2), "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Plaintiff has requested that this Court dismiss her case. The United States concurs with Plaintiff's request to dismiss.

By way of background, the Court previously dismissed Defendant Jefferson City Health & Rehabilitation Center and Plaintiff's claims that arose under the THCLA and Plaintiff's claims under 42 U.S.C. § 1983. The Court agrees with the United States that given its previous ruling,

the United States is entitled to judgment in its favor on Plaintiff's remaining claims, except Plaintiff's claim under the Emergency Medical Treatment and Labor Act ("EMTALA"). *See Bruce v. Great Britain*, No. 3:17-cv-285, 2018 WL 4604020, at *4 (E.D. Tenn. Sept. 25, 2018) (calling into question whether the failure to comply with Tennessee's good-faith certification requirement would defeat a claim under EMTALA), *appeal docketed*, No. 18-6149 (6th Cir. Oct. 31, 2018).

The Court construes Plaintiff's Complaint to include a claim under EMTALA. *See* [Doc. 21 at 4] (stating that the Veterans Administration released Plaintiff's brother instead of treating or following up on his condition and citing to 42 U.S.C. § 1395dd). In its Response to the instant Motion, however, the United States asserts that EMTALA does not apply to Plaintiff's allegations against it because the care at issue in this case was provided through the Veterans Administration, which is a federal agency and not a private medical provider subject to Medicare. Plaintiff has not challenged this assertion. *See* 42 U.S.C. § 1395dd; *see also Rose v. Borsos*, No. 2:17-CV-204, 2018 WL 3967673, at *10 (E.D. Tenn. Aug. 17, 2018) (dismissing with prejudice plaintiff's claim under 42 U.S.C. § 1395 because he did not allege that he is a Medicare recipient or that any of the treatment relates to the Medicare Act). Accordingly, the Court finds it appropriate to dismiss this claim.

### III. CONCLUSION

Accordingly, for the reasons further explained above, the Court will grant Plaintiff's Motion to Dismiss [**Doc. 90**]. A separate Judgment will follow.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge